765 A.2d 39 (2000)
In the Matter of a Member of the Bar of the Supreme Court of the State of Delaware: Kevin M. HOWARD, Respondent.
No. 240, 2000.
Supreme Court of Delaware.
Submitted: May 26, 2000.
Decided: November 9, 2000.
Charles Slanina, Esquire of Tybout, Redfearn & Pell, Wilmington, Delaware, for Respondent.
*40 Andrea L. Rocanelli, Esquire, Wilmington, Delaware, for the Office of Disciplinary Counsel.
Before WALSH, HOLLAND, and BERGER, Justices.
PER CURIAM.
This is a lawyer disciplinary proceeding. A panel of the Board on Professional Responsibility (Board) issued its final report (Final Report) with regard to a single charge of professional misconduct involving the respondent, Kevin M. Howard. Following a hearing on the charge, the Board adopted the stipulation of facts presented jointly by Howard and the Office of Disciplinary Counsel (ODC). The Board also approved the parties' joint recommended sanction consisting of a two year suspension, retroactive to January 21, 1998, plus a two year period of probation, upon Howard's reinstatement, with certain limitations on his right to practice law. The parties have indicated no objections to the Board's Final Report.
After careful consideration, the Court has determined that the Board's findings of fact should be accepted. The Court has further determined that the appropriate sanction is a three year suspension retroactive to January 21, 1998. Upon the expiration of that three year period, Howard may apply for reinstatement as a member of the Delaware Bar. If Howard seeks reinstatement, a panel of the Board should determine at that time whether reinstatement is appropriate and, if appropriate, whether conditions should attach.

Stipulated Facts[1]
Howard was admitted to the Delaware Bar in 1983. Until his interim suspension on January 21, 1998, Howard was a solo practitioner in Dover, Delaware. On January 9, 1998, Howard was arrested and formally charged with the commission of four drug-related felony offenses. Howard's use of cocaine in January 1998 was the result of a relapse in Howard's recovery from cocaine addiction. Howard has not used cocaine since that date. Howard has neither purchased nor attempted to purchase drugs since that date. From time to time during his interim suspension, Howard submitted to random drug tests, which did not detect any drug use.
On January 13, 1998, Kenneth J. Young, Esquire and Charles E. Whitehurst, Esquire were appointed as Joint Receivers of Howard's law practice by the Delaware Court of Chancery in anticipation of Howard's interim suspension.[2] On January 21, 1998, Howard was suspended from the practice of law on an interim basis by this Court. The grounds for interim suspension were that Howard had "been charged by the State authorities with serious crimes and [had] possibly thereby committed serious violations of the Delaware Lawyers' Rules of Professional Conduct, and that such conduct pose[d] a substantial threat of irreparable harm to his clients, his prospective clients, and the orderly administration of justice."[3]
On February 22, 1999, Howard entered a plea of guilty to one count of criminal solicitation in the third degree[4] and one count of possession of cocaine.[5] As a result of his plea, Howard was convicted of two drug-related misdemeanors. Howard was sentenced on the solicitation charge to one year at Level V incarceration, suspended for one year at Level III probation. On the possession charge, Howard was sentenced to one year at Level V incarceration suspended for one year at Level II probation. Howard also was ordered *41 to perform fifty hours of community service to aid in drug education efforts in Kent County. Howard successfully complied with all terms and conditions of his criminal probation. He was released unconditionally from Department of Correction supervision on April 4, 2000.
Since February 1999, Howard has been in therapy with Edward S. Wilson, III, Ph.D. Initially, Howard had weekly appointments with Dr. Wilson. Thereafter, appointments for therapy were every other week. As of May 13, 1999, Dr. Wilson stated his professional opinion that Howard completed the "formal" portion of his substance abuse treatment component. Nevertheless, therapy with Dr. Wilson has continued. Dr. Wilson also recommended that Howard remain active in a 12-step group.
Howard was cooperative with the Joint Receivers. No clients or creditors of the practice suffered financial harm. The Receivership Final Accounting was filed with the Court of Chancery on January 12, 2000. An Order was entered by the Court of Chancery on January 13, 2000 closing the receivership and relieving the Joint Receivers of any continuing responsibilities. Since January 31, 2000, Howard has been employed on a full-time basis as the Chief Deputy Clerk of the Court of Chancery for Kent County, a non-lawyer position.

Board's Findings and Recommendations
Howard admitted, and the Board found, that his misconduct violated Delaware Lawyers' Rules of Professional Conduct Rule 8.4(b). Rule 8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."[6] Howard engaged in criminal conduct in violation of Rule 8.4(b) by possessing and using cocaine in violation of 16 Del. C. § 4753, and by soliciting and requesting that another person sell drugs to Howard in violation of 11 Del. C. § 501. Howard further admitted that his criminal conduct reflects adversely on his fitness as a lawyer in violation of Rule 8.4(b).
The Board also adopted the parties' stipulation as it related to aggravating and mitigating factors. Specifically, the parties stipulated that the following aggravating factors existed: (a) Howard engaged in a pattern of misconduct by using illegal drugs; and (b) Howard engaged in illegal conduct by using controlled substances.
The stipulated mitigating factors were: (a) Howard has no prior disciplinary record; (b) Howard's conduct did not reflect a dishonest or selfish motive; (c) Howard suffered from personal or emotional problems; (d) there is medical evidence that Howard is affected by chemical dependency, and the chemical dependency caused the misconduct, and Howard's recovery from chemical dependency is demonstrated by a meaningful and sustained period of successful rehabilitation, and the recovery arrested the misconduct and recurrence of the misconduct is unlikely; (e) other penalties and sanctions have been imposed on Howard; and (f) Howard has demonstrated remorse.
At the hearing, the Board heard testimony from three witnesses: Dr. Wilson; a former Vice Chancellor who was then sitting on the Court of Chancery;[7] and Howard *42 himself. At the conclusion of the hearing, the Board expressed its intent to accept the parties' stipulation and joint recommendation of sanctions. Ultimately, the Board submitted its Final Report recommending a two year suspension retroactive to January 21, 1998. The Board also recommended that several conditions be imposed upon Howard upon his reinstatement as a member of the Bar, including: (a) a two year public probation, during which Howard would be required to have both a practice monitor and an additional monitor from the Lawyers' Assistance Program; and (b) a two year prohibition, following his two year probationary period, on forming a professional association for the practice of law with Elizabeth Rodriguez.

Rule Violation
The parties have not filed any objections to the Board's Final Report. Nonetheless, this Court has an obligation independently to review the record and determine if there is substantial evidence to support the Board's factual findings. We have made a careful and independent review of both the factual findings and the conclusions of law that are set forth in the Board's Final Report. We are satisfied that the record supports the Board's finding that Howard violated Rule 8.4(b). We now consider the appropriate sanction to be imposed given the particular circumstances of this case and given this Court's prior decisions in other relevant disciplinary cases.

Appropriate Sanction
This Court has exclusive authority and wide latitude in disciplining the members of our Bar.[8] Thus, while the Board's recommendations on the appropriate sanction to be imposed are helpful, they are not binding on this Court.[9] In formulating an appropriate sanction, this Court looks to the framework set forth in the ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") and to relevant precedent.[10]
In making an initial determination of an appropriate sanction, the Court begins by examining three key factors: (a) the ethical duty violated; (b) the lawyer's mental state; and (c) the extent of the actual or potential injury caused by the lawyer's misconduct.[11] After weighing these three factors and making an initial determination of an appropriate sanction, the Court then will look at the aggravating and mitigating circumstances of the particular case to determine if the discipline should be increased or decreased.[12]
In this case, the record supports the following findings. First, Howard violated his duties to the general public and to the legal system by breaking the law and failing to maintain the public's trust and confidence as an officer of this Court. Howard's misconduct, however, did not implicate any duty to a particular client. Second, Howard engaged in intentional criminal acts for which he pled guilty to two misdemeanor charges. Intentional misconduct is the most culpable form of misconduct. Finally, while Howard's intentional misconduct may have severely undermined the public's confidence in the legal profession, his misconduct did not result in an articulable injury to any individual other than, perhaps, himself.

*43 ABA Standards

The relevant ABA Standard addressing the appropriate discipline for a lawyer who has engaged in criminal conduct is Standard 5.1, which provides:
5.1 Failure to Maintain Personal Integrity
Absent aggravating and mitigating circumstances, upon application of the factors set out in Standard 3.0,[13] the following sanctions are generally appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or in cases with conduct involving dishonesty, fraud, deceit, or misrepresentation:
5.11 Disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or
(b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice.
5.12 Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.
5.13 Reprimand is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.
5.14 Admonition is generally appropriate when a lawyer engages in any other conduct that reflects adversely on the lawyer's fitness to practice law.
In this case, Howard's misconduct did not implicate any of the elements that would justify disbarment as a possible sanction under Standard 5.11. He did, however, knowingly engage in criminal conduct, not involving dishonesty or deceit, but that seriously adversely reflects on his fitness to practice law. Without considering aggravating or mitigating circumstances, Standard 5.12 recommends suspension as an appropriate sanction. Having determined that a period of suspension is justified, the Court now must look at the aggravating and mitigating circumstances to determine whether an increase or reduction in the recommended penalty is warranted.

Aggravating and Mitigating Circumstances
Consideration of aggravating and mitigating factors gives the Court flexibility to select the appropriate sanction in each individual lawyer disciplinary matter.[14] The Board found two aggravating circumstances[15] in Howard's case. First, *44 Howard engaged in a pattern of misconduct by using illegal drugs.[16] Second, Howard engaged in illegal conduct by using controlled substances.[17] The Board found six mitigating factors:[18] (a) Howard has no prior disciplinary record;[19] (b) Howard's conduct did not reflect a dishonest or selfish motive;[20] (c) Howard suffered from personal or emotional problems;[21] (d) there is medical evidence that Howard is affected by chemical dependency, and the chemical dependency caused the misconduct, and Howard's recovery from chemical dependency is demonstrated by a meaningful and sustained period of successful rehabilitation, and the recovery arrested the misconduct and recurrence of the misconduct is unlikely;[22] (e) other penalties and sanctions have been imposed on Howard;[23] and (f) Howard has demonstrated remorse.[24]
Based upon our independent review of the record, we find the Board's conclusions as to the aggravating and mitigating factors to be supported by clear and convincing evidence. We recognize that the mitigating circumstances significantly out-number the aggravating circumstances. This is Howard's first and only disciplinary offense, and the record reflects that his misconduct was the result of a relapse in his recovery from a drug addiction, which he since has worked hard to overcome and for which he is remorseful. We commend Howard for his recovery efforts and his attempt to turn his life around.
Nonetheless, we do not believe the mitigating circumstances outweigh the aggravating circumstances in this case. Howard, as a Delaware lawyer and an officer of this Court, violated one of the most fundamental duties a lawyer owes the public  to abide by the law and to maintain the standards *45 of personal integrity and honesty upon which the community relies. Even though the injury caused by Howard's misconduct is not quantifiable, it is beyond question that public confidence in the integrity of the legal profession, which is the foundation of our entire system of justice, is undermined when any lawyer engages in illegal conduct, with accompanying publicity, as occurred in Howard's case. Given the gravity of Howard's misconduct, which involved the commission of a serious crime, we find that the aggravating and mitigating circumstances offset each other, and neither weighs in favor of increasing or decreasing the sanction of suspension, which we initially deemed to be appropriate. The question thus remains whether the Board's recommendation of a two year suspension is appropriate under the circumstances and consistent with our precedent.

Length of Suspension Delaware Precedent
The goals of lawyer discipline are to protect the public, to protect the administration of justice, and to preserve confidence in the legal profession.[25] Furthermore, the punishment imposed by the Court also must deter other lawyers from similar misconduct.[26] This Court has held, "In order to have an appropriate, and not unduly chilling, deterrent effect, lawyer discipline should be predictable, fair, and consistent with our prior decisions imposing lawyer discipline."[27] The difficulty in this case is that there is no analogous Delaware precedent. This Court has never had to consider the appropriate sanction to impose upon a lawyer whose only violation was a misdemeanor drug conviction with no other associated disciplinary rule violations or resulting injuries to clients or others.[28]
In the vast majority of Delaware disciplinary cases in which the respondent's ethical violations included a criminal conviction, the criminal conduct at issue was dishonest and selfish in nature and/or resulted in harm to the respondent's clients.[29] In those cases, disbarment was the only appropriate sanction.
In this case, it is undisputed that Howard's misconduct was not the result of dishonesty or deceit, nor did his misconduct result in injury to any client. Nonetheless, Howard's pattern of using illegal drugs, which resulted ultimately in his criminal convictions, reflects an indifference to his legal obligations and his lack of respect for his position as an officer of this Court. Moreover, his untreated drug addiction had the potential for causing serious harm to his clients. Thus, we find a substantial period of suspension is justified.
The ABA Standards recommend that a period of suspension be no less than six months but in no case should it exceed three years.[30] The Delaware Lawyers' Rules of Disciplinary Procedure, on the other hand, provide that a period of suspension may be as long as five years.[31] The more stringent Delaware rule reflects *46 the prevailing attitude of the members of our Bench and Bar on the importance of maintaining high ethical standards in the legal profession and imposing serious penalties, when warranted, for lawyer disciplinary violations.[32]
After careful consideration of all the aggravating and mitigating circumstances in Howard's case, we find a three year suspension to be appropriate given the range of authorized suspension sanctions under our rule. Because there is no analogous Delaware precedent, the sanction we impose in this case will serve as a benchmark for any future disciplinary cases. We believe a three year suspension, retroactive to January 21, 1998, will best serve the goals of lawyer discipline. It will send a message to other Delaware lawyers and to the public that this Court takes very seriously a lawyer's fundamental duty to foster the public's confidence in our Bar and to maintain the integrity of the legal profession. A lawyer must abide by the law and maintain the standards of personal integrity and honesty upon which the public relies, and which reflect on every member of the legal profession. A three year suspension will also serve to protect the public and the administration of justice by postponing Howard's opportunity to seek reinstatement until January 20, 2001, which will give Howard further time to establish himself as a recovered addict.
Finally, we believe that a three year suspension will have an appropriate, but not unduly chilling, deterrent effect, given the range of authorized sanctions under Delaware Lawyers' Rules of Disciplinary Procedure Rule 8(a)(2). A three year suspension will send a strong message to other lawyers who may be facing similar addictions and compel them to recovery before their misconduct leads to a criminal conviction or results in injury to their clients.

Conclusion
The Board's findings of fact are adopted. The Board's recommended sanction is rejected. Howard shall be suspended for a three year period retroactive to January 21, 1998. Howard may seek reinstatement on January 20, 2001. If Howard seeks reinstatement, a panel of the Board should determine at that time whether reinstatement is appropriate and, if appropriate, whether conditions should attach.
NOTES
[1] The following facts are taken from the parties' Pre-Hearing Stipulation and Joint Recommendation of Sanctions (Stipulation).
[2] In re Howard, Del. Ch., No. 16140-NC, 1998 (Jan. 13, 1998) (ORDER).
[3] In re Howard, Del.Supr., No. 24, 1998 at 1 (Jan. 21, 1998) (ORDER).
[4] 11 DEL. C. § 501.
[5] 16 DEL. C. § 4753.
[6] DELAWARE LAWYERS' RULES OF PROFESSIONAL CONDUCT Rule 8.4(b).
[7] In our recent decision in In re Reardon, Del.Supr., 759 A.2d 568, 572 n. 3 (2000), we admonished against judges testifying in lawyer disciplinary proceedings unless the judge's testimony is relevant to the underlying facts of the disciplinary charges. See DELAWARE JUDGES' CODE OF JUDICIAL CONDUCT Canon 2B. At Howard's hearing, which occurred prior to the release of our opinion in Reardon, the judge appeared as a character witness pursuant to a subpoena. The judge's testimony was not inconsistent with any Canon of the Judges' Code. Nonetheless, we reiterate the concerns expressed in Reardon and direct, for future purposes, that the Clerk of the Supreme Court shall not issue a subpoena in a disciplinary proceeding to any sitting Delaware judge unless the party requesting the subpoena represents in writing that the judge is being requested to appear as a fact witness and not as a character witness.
[8] In re Figliola, Del.Supr., 652 A.2d 1071, 1076 (1995).
[9] In re Mekler, Del.Supr., 669 A.2d 655, 667 (1995).
[10] In re Benge, Del.Supr., 754 A.2d 871, 879 (2000).
[11] ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS Standard 3.0 (1991).
[12] In re Reardon, 759 A.2d at 575.
[13] Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS Standard 3.0 (1991).
[14] In re Reardon, 759 A.2d at 575.
[15] ABA Standard 9.22 sets forth the following aggravating factors:

9.22 Factors which may be considered in aggravation. Aggravating factors include:
(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of victim;
(i) substantial experience in the practice of law;
(j) indifference to making restitution;
(k) illegal conduct, including that involving the use of controlled substances;
ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS Standard 9.22 (1991).
[16] Id. Standard 9.22(c).
[17] Id. Standard 9.22(k).
[18] ABA Standard 9.32 sets forth the following mitigating factors:

9.32 Factors which may be considered in mitigation. Mitigating factors include:
(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;
(2) the chemical dependency or mental disability caused the misconduct;
(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely;
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse;
(m) remoteness of prior offenses.
ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS Standard 9.32 (1991)
[19] Id. Standard 9.32(a).
[20] Id. Standard 9.32(b).
[21] Id. Standard 9.32(c).
[22] Id. Standard 9.32(i).
[23] Id. Standard 9.32(k).
[24] Id. Standard 9.32(l).
[25] In re Figliola, 652 A.2d at 1076.
[26] Id.
[27] In re Reardon, 759 A.2d at 579.
[28] Compare In re Funk, Del.Supr., 742 A.2d 851 (1999) (respondent with substantial prior disciplinary record disbarred for felony weapon conviction, resulting in federal prison sentence, in light of substantial aggravating factors and no mitigating factors).
[29] See, e.g., In re Greene, Del.Supr., 701 A.2d 1061 (1997) (misappropriation of client funds); In re Dorsey, Del.Supr., 683 A.2d 1046 (1996) (same); In re Priestley, Del.Supr., 663 A.2d 488 (1995) (ORDER) (same); In re Agostini, Del.Supr., 632 A.2d 80 (1993) (same); In re Higgins, Del.Supr., 582 A.2d 929 (1990) (same); In re Brewster, 587 A.2d 1067 (1991) (bank fraud).
[30] ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS Standard 2.3, Commentary (1991).
[31] DELAWARE LAWYERS' RULES OF DISCIPLINARY PROCEDURE Rule 8(a)(2) (effective March 9, 2000).
[32] Compare also DELAWARE LAWYERS' RULES OF DISCIPLINARY PROCEDURE Rule 22 (reinstatement after disbarment may not occur until the expiration of at least 10 years) with ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS Standard 2.2, Commentary (1991) (recommending that readmission after disbarment not be considered until at least five years after the effective date of disbarment).