In the Matter of a Member of the Bar
of the Supreme Court of Delaware:
Gary S. MELVIN, Respondent.

No. 372,2002.

Supreme Court of Delaware.

Submitted: Aug. 6, 2002.
Decided: Oct. 7, 2002.

Barry W. Meekins, Esquire, Brown, Shiels, Beauregard & Chasanov, Dover, Delaware, for Respondent.

Mary M. Johnston, Esquire, Chief Counsel, Wilmington, Delaware, for Office of Disciplinary Counsel.

Before VEASEY, Chief Justice, WALSH, and HOLLAND, Justices.

PER CURIAM.

This is a lawyer disciplinary proceeding. The respondent, Gary S. Melvin, pleaded guilty to two misdemeanor criminal charges. Melvin's criminal convictions form the underlying basis for this disciplinary proceeding. A panel of the Board on Professional Responsibility issued a report, following a hearing, recommending that this Court suspend Melvin from the practice of law for a period of one year. Neither Melvin nor the Office of Disciplinary Counsel (ODC) has filed any objections to the Board's report and recommended sanction. After careful consideration, this Court has determined that, under the particular circumstances of this case, Melvin should be suspended from the practice of law for eighteen months effective January 1, 2002.

### Facts

Melvin was admitted to practice as a Delaware lawyer in 1981. On August 9, 2001, the ODC filed a verified petition in this Court seeking Melvin's interim suspension from the practice of law. The basis for the ODC's petition was Melvin's indictment on felony and misdemeanor criminal charges.[1] The petition asserted that the conduct for which Melvin had been indicted constituted a violation of several of the Delaware Lawyers' Rules of Professional Conduct (DLRPC). The ODC asserted that the following rules were violated: Rule 8.4(b) (criminal act reflecting adversely on honesty, trustworthiness, and the lawyer's fitness as a lawyer), Rule 8.4(d) (conduct prejudicial to the administration of justice), and Rule 3.4(a) (unlawful destruction or concealment of evidence). At the time of his indictment, Melvin practiced law in the Public Defender's Office in Dover, Delaware.

This Court held a hearing on the interim suspension petition but limited the presentation of evidence to Count III of the

---

1. Del. Lawyers' Rules Of Disciplinary Proc. R. 16(a) provides, in part, as follows:

Upon receipt of sufficient evidence demonstrating that a lawyer subject to the disciplinary jurisdiction of the Court (i) has been charged with or convicted of a felony, (ii) has been charged with or convicted of other criminal conduct which demonstrates that the lawyer poses a significant threat of substantial harm to the public or to the orderly administration of justice, or (iii) has otherwise engaged in professional misconduct which demonstrates that the lawyer poses a significant threat of substantial harm to the public or to the orderly administration of justice, the ODC shall transmit such evidence to the Court together with a petition and proposed order for the lawyer's immediate interim suspension pending the disposition of disciplinary proceedings as otherwise described in these Rules.

indictment, which charged Melvin with tampering with physical evidence, a class G felony.[2] We deferred further proceedings concerning the balance of the indictment. After the hearing, the Court scheduled further argument, which was postponed at Melvin's request until after the criminal proceedings.

On November 13, 2001, the State dismissed the first felony count of the indictment, and Melvin entered into a plea agreement on the remaining two charges. Pursuant to the agreement, Melvin pleaded guilty to two misdemeanors: (i) criminal contempt of a protection from abuse (PFA) order;[3] and (ii) hindering prosecution.[4] Melvin admitted that he had knowingly violated or refused to obey a PFA order entered by the Family Court. The PFA order had prohibited Melvin from having contact with his wife. Melvin also admitted that, with the intent to hinder police from lodging a misdemeanor criminal charge against him, he had concealed or destroyed his wife's journal or papers, which may have aided in the lodging of a

criminal charge against him. The Superior Court sentenced Melvin to two years at Level V incarceration suspended entirely for lesser levels of supervision.[5]

On November 29, 2001, this Court held a hearing and concluded that sufficient evidence existed to demonstrate that Melvin posed "a significant threat of substantial harm to the public or to the orderly administration of justice."[6] We ordered, effective January 1, 2002, that Melvin be suspended from the practice of law on an interim basis pending a final determination of the disciplinary charges against him.

### Board Proceedings and Decision

On April 2, 2002, a panel of the Board on Professional Responsibility held a hearing on the ODC's petition for discipline. Melvin admitted all of the allegations in the petition. Among other things, Melvin admitted that his conduct violated five separate rules of the DLRPC. Specifically, Melvin admitted violating Rule 3.4(a),[7] Rule 3.4(c),[8] Rule 8.4(b),[9] Rule 8.4(c),[10] and Rule 8.4(d).[11] Accordingly, the only issue

2. DEL. CODE ANN. tit. 11, § 1269 (2001).

3. DEL. CODE ANN. tit. 11, § 1271A (2001).

4. DEL. CODE ANN. tit. 11, § 1244(5) (2001). The hindering prosecution charge was a lesser-included offense to the original felony charge of tampering with physical evidence.

5. On September 27, 2002, the Court received a letter from Melvin's counsel indicating, among other things, that Melvin had satisfactorily completed all requirements of his sentence.

6. DEL LAWYERS' RULES OF DISCIPLINARY PROC. R. 16(a).

7. Rule 3.4(a) provides that a lawyer shall not "unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act."

8. Rule 3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

9. Rule 8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

10. Rule 8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

11. Rule 8.4(d) provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice."

remaining for the Board to consider was the appropriate sanction. Both Melvin and the ODC agreed that a suspension in excess of six months was appropriate. The Board heard testimony from two witnesses, John McDonald, Esquire, supervising attorney for the Public Defender's Office in Dover, and Melvin.

In determining an appropriate sanction, the Board first considered three key factors in accordance with the ABA Standards for Imposing Lawyer Sanctions ("ABA Standards"): (i) the ethical duty violated; (ii) Melvin's state of mind; and (iii) the actual or potential injury caused by Melvin's misconduct.[12] The Board then considered aggravating and mitigating circumstances. In mitigation, the Board found the following: (i) Melvin had no prior disciplinary record;[13] (ii) at the time of the misconduct, Melvin had been involved in a highly emotional situation with his wife and children;[14] and (iii) Melvin had pleaded guilty to criminal charges and thus had been subjected to other sanctions.[15] The Board found the following to be aggravating factors: (i) Melvin's hindering prosecution reflected a dishonest or selfish motive;[16] and (ii) Melvin had substantial experience in the practice of law.[17]

Although Melvin argued that his remorse should be considered in mitigation, the Board concluded that it did not consider remorse as either a mitigating or aggravating factor. The Board acknowledged that Melvin had expressed remorse for his conduct during his testimony. Nonetheless, the Board did not consider Melvin's remorse in mitigation because it found that Melvin also "appeared to be attempting to reargue his guilty plea." After considering all of the ABA Standards and the relevant, prior disciplinary decisions of this Court, the Board concluded under the circumstances that the appropriate sanction was a one year suspension effective January 1, 2002.

### Supreme Court Review

■ The parties have not filed any objections to the Board's report and recommended sanction. Nonetheless, this Court has an obligation to review the record independently and determine whether there is substantial evidence to support the Board's factual findings.[18] We review de novo the Board's conclusions of law. Furthermore, while the Board's recommendation on the appropriate sanction is helpful, it is not binding on the Court.[19] We have wide latitude in determining the form of discipline and will review the recommended sanction to ensure that it is appropriate, fair and consistent with our prior disciplinary decisions.

We have made a careful and complete review of the factual findings and conclusions in the Board's report in Melvin's case. We find substantial evidence in the record to support the Board's findings that Melvin's misconduct violated Rules 3.4(a), 3.4(c), 8.4(a), 8.4(c), and 8.4(d). We separately consider the Board's recommended sanction of a one year suspension under the particular circumstances of this case.

---

12. *See* ABA Standards for Imposing Lawyer Discipline § 3.0 (1991).

13. *Id.* § 9.32(a) (1991).

14. *Id.* § 9.32(c).

15. *Id.* § 9.32(k).

16. *Id.* § 9.22(b).

17. *Id.* § 9.22(i).

18. *In re Reardon,* 759 A.2d 568, 575 (Del. 2000).

19. *In re Mekler,* 669 A.2d 655, 668 (Del.1995).

## *Appropriate Sanction*

■ The objectives of the lawyer disciplinary system are to protect the public, to protect the administration of justice, to preserve confidence in the legal profession, and to deter other lawyers from similar misconduct.[20] To further these objectives and to promote consistency and predictability in the imposition of disciplinary sanctions, the Court looks to the ABA Standards for Imposing Lawyer Sanctions as a model for determining the appropriate discipline warranted under the circumstances of each case.[21] The Court also looks to its relevant prior disciplinary decisions.[22]

In reviewing the framework set forth in the ABA Standards, we agree with the Board's conclusion that Melvin's misconduct did not violate any duty to a particular client and did not result in harm to another individual. Nonetheless, his criminal conduct was a violation of his duties to the general public and the legal system. As we previously have noted, even if a lawyer's criminal conduct does not result in an articulable injury to another person, public confidence in the integrity of the legal profession is undermined when any lawyer engages in criminal conduct.[23] As an experienced Public Defender, Melvin held a unique position of public trust and knew or should have known that his criminal conduct would seriously adversely reflect on his own fitness to practice law and on the integrity of the profession.[24]

We agree with the Board that Melvin's substantial experience in the practice of law is an aggravating factor in this case. Melvin's counsel argued to the Board that Melvin was inexperienced with PFA proceedings and that this inexperience should be weighed in mitigation. The Board rejected counsel's position in light of Melvin's testimony that he understood the terms of the PFA order and he understood he was violating the terms of the PFA order by meeting with his wife. We also reject the notion that Melvin's inexperience with PFA proceedings should be weighed in mitigation.

Moreover, we find clear and convincing evidence to support the Board's finding that Melvin's destruction of evidence reflected a dishonest or selfish motive. The preservation of evidence, regardless of its subjective value, is fundamental to the orderly administration of justice. The record reflects that Melvin knew his wife had made allegations against him that were being investigated by the police.

The Board concluded that Melvin's testimony appeared to be an attempt to reargue his guilty plea. We are deeply concerned by Melvin's disingenuous attempt in his testimony before the Board to minimize the severity of his misconduct by arguing that his wife's destroyed journals had no evidentiary value or, alternatively, that he did not know they had evidentiary value at the time he had them destroyed. Although the Board declined to consider Melvin's refusal to acknowledge the

---

20. *In re Figliola,* 652 A.2d 1071, 1076 (Del. 1995).

21. *In re Reardon,* 759 A.2d at 575–76.

22. *Id.* at 581.

23. *In re Howard,* 765 A.2d 39, 45 (Del.2000).

24. *See* ABA Standards For Imposing Lawyer Sanctions 5.12 (1991), which states:

> Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 [serious intentional criminal conduct or intentional dishonest conduct that seriously adversely reflects on the lawyer's fitness] and that seriously adversely reflects on the lawyer's fitness to practice.

wrongful nature of his conduct as an aggravating factor,[25] we find clear and convincing evidence on the record to support such a conclusion.

Therefore, we agree with the Board's conclusion that Melvin should be suspended from the practice of law. Notwithstanding the existence of mitigating circumstances, we find that a lengthier suspension than the Board's recommended one-year period is justified. Melvin's misconduct, which resulted in his criminal convictions, was deceitful and thus seriously adversely reflects on his honesty and trustworthiness as a lawyer. Melvin's knowing violation of a court order and his destruction of documents with potential evidentiary value were flagrant violations of his professional duties to the legal system and reflect a lack of respect for his position as an officer of the Court. Moreover, Melvin's testimony reflects an undue depreciation of the seriousness of his misconduct. If Melvin's misconduct had occurred within the context of an attorney-client relationship, we might consider a more serious sanction. Under the circumstances, however, we find that an eighteen-month suspension is fair, is sufficient to preserve the public's confidence in the legal profession and the disciplinary system, and is not inconsistent with the ABA Standards or our prior decisions.

As the Board recognized, there is no prior disciplinary decision that is directly analogous to Melvin's case. Melvin's misconduct, while criminal, was not felonious,[26] did not reflect a pattern of criminal behavior,[27] and did not result in harm to any client.[28] Furthermore, given our recent amendment to the Rules of Disciplinary Procedure reducing the maximum length of disciplinary suspensions from five years to three years,[29] we conclude that an eighteen month suspension in Melvin's case will have the "appropriate, but not unduly chilling, deterrent effect, given the range of authorized sanctions"[30] under our rules. We find it to be a fair and appropriate sanction under all of the circumstances of this case.

### Conclusion

For the foregoing reasons, Melvin shall be suspended from the practice of law for a period of eighteen months retroactive to January 1, 2002, the date his interim suspension began. Melvin may seek reinstatement after June 30, 2003.

---

25. *See* ABA Standards for Imposing Lawyer Sanctions § 9.22(g).

26. *See, e.g., In re Funk,* 742 A.2d 851 (Del. 1999) (lawyer disbarred following felony convictions for drug and weapon offenses).

27. *See, e.g., In re Howard,* 765 A.2d 39 (Del. 2000) (lawyer suspended for three years following misdemeanor drug convictions that reflected a pattern of criminal behavior); *In re Christie,* 574 A.2d 845 (Del.1990) (lawyer suspended for three years following guilty plea to thirteen misdemeanor sex-related charges).

28. *See, e.g., In re Carey,* 809 A.2d 563 (Del. 2002) (lawyer disbarred for misappropriation of client funds in the absence of a criminal conviction).

29. DEL. LAWYERS' RULES OF DISCIPLINARY PROC. R. 8(a)(2) (amended effective May 7, 2002).

30. *In re Howard,* 765 A.2d at 46.