**In the Matter of a Member of the Bar of the Supreme Court of Delaware: Mark E. STEINER, Respondent.**

No. 461, 2002.

Supreme Court of Delaware.

Submitted: Nov. 6, 2002.
Decided: Feb. 27, 2003.

Charles J. Slanina, Esquire, Tybout Redfearn & Pell, Wilmington, Delaware, for Respondent.

Mary Susan Much, Esquire, Chief Counsel, Wilmington, Delaware, for Office of Disciplinary Counsel.

Before VEASEY, Chief Justice, WALSH, and BERGER, Justices.

PER CURIAM.

This is a lawyer disciplinary proceeding. The respondent, Mark Steiner, pleaded guilty to two misdemeanor criminal charges. Steiner's criminal convictions form the underlying basis for this disciplinary proceeding. A panel of the Board on Professional Responsibility (the Board) issued its report recommending that this Court suspend Steiner from the practice of law for a period of two years beginning March 13, 2001, the date this Court placed Steiner on interim suspension. The Office of Disciplinary Counsel (ODC) has filed objections to the Board's report and rec-

ommended sanction. After careful consideration, the Court has determined, under the particular circumstances of this case, that Steiner should be suspended from the practice of law for three years, effective March 13, 2001.

### Facts

Steiner was admitted to practice as a Delaware lawyer in 1989. In March 2001, the ODC filed a verified petition in this Court seeking Steiner's interim suspension from the practice of law. The basis for the ODC's petition was Steiner's indictment on two counts of first degree vehicular assault,[1] a felony, and one count of driving under the influence,[2] a misdemeanor.[3] Steiner was suspended from the practice of law on an interim basis, effective March 13, 2001. Until his interim suspension, Steiner practiced law with the Public Defender's Office in Georgetown, Delaware.

On June 25, 2001, Steiner pleaded guilty to two counts of second degree vehicular assault[4] and one count of DUI, all misdemeanor offenses. The Superior Court sentenced Steiner on June 25, 2001 to three consecutive six-month terms at Level V incarceration, suspended entirely for three years of probation with special conditions attached, including participation in a substance abuse program and a "zero tolerance" provision for drug and alcohol use.

On September 20, 2001, and again on December 13, 2001, the Superior Court found Steiner in violation of probation based on his consumption of alcohol. As a result of his second violation, Steiner was sentenced, among other things, to serve a period of confinement at a halfway house, followed by a period of home confinement and additional probation.

On February 28, 2002, the ODC filed a petition with the Board on Professional Responsibility asserting that Steiner's criminal conduct violated Delaware Lawyers' Rules of Professional Conduct Rule 8.4(b). Rule 8.4(b) provides that it is "professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer."[5] Steiner filed an answer and admitted the facts and rule violation set forth in the ODC's petition.

### Board Proceedings and Decision

On April 24, 2002, the Board held a hearing on the ODC's petition for discipline. Given Steiner's admissions, the only issue for the Board to consider was the appropriate sanction. The parties agreed that a suspension in excess of six months was appropriate. The Board heard testimony from Steiner's father, Steiner's therapist, and Steiner himself.

---

1. *See* Del. Code Ann. tit. 11, § 629 (2001).

2. *See* Del. Code Ann. tit. 21, § 4177 (1995 & Supp.2002).

3. Del. Lawyers' Rules of Disciplinary Proc. R. 16(a) provides, in part, as follows:

> Upon receipt of sufficient evidence demonstrating that a lawyer subject to the disciplinary jurisdiction of the Court (i) has been charged with or convicted of a felony, (ii) has been charged with or convicted of other criminal conduct which demonstrates that the lawyer poses a significant threat of substantial harm to the public or to the orderly

administration of justice, or (iii) has otherwise engaged in professional misconduct which demonstrates that the lawyer poses a significant threat of substantial harm to the public or to the orderly administration of justice, the ODC shall transmit such evidence to the Court together with a petition and proposed order for the lawyer's immediate interim suspension pending the disposition of disciplinary proceedings as otherwise described in these Rules....

4. *See* Del. Code Ann. tit. 11, § 628 (2001).

5. Del. Lawyers' Rules of Prof. Conduct R. 8.4(b) (2003).

In its report to this Court, the Board reviewed the aggravating and mitigating circumstances in Steiner's case. The Board rejected the ODC's arguments regarding the existence of several aggravating factors. First, although concerned with Steiner's relapses, the Board concluded that Steiner's postconviction alcohol consumption, which resulted in his probation violations, did not reflect a pattern of misconduct. Second, the Board did not accept the ODC's argument that Steiner's sanction should be enhanced because his probation violations constituted further misconduct similar to the misconduct for which Steiner already had been placed on interim suspension. In mitigation, the Board concluded that Steiner's alcohol addiction was a mitigating factor. The Board also found Steiner's remorse to be a mitigating factor. Based on these findings, the Board recommended that this Court suspend Steiner for a period of two years beginning March 13, 2001, the date of the interim suspension order.

### Supreme Court Review

■ The ODC filed objections to the Board's report and recommended sanction. Steiner did not. With or without objections, this Court has an obligation to review the record independently and determine whether there is substantial evidence to support the Board's factual findings.[6] We review de novo the Board's conclusions of law. We also will review the Board's recommendation on the appropriate sanction, which, while helpful, is not binding on the Court.[7] In fact, the Court has wide latitude in determining the appropriate form of discipline. We will review the sanction to ensure that it is appropriate, fair and consistent with our prior disciplinary decisions.[8]

■ Given Steiner's admission of misconduct, the only issue remaining for the Court's review is the Board's recommended sanction. In determining an appropriate disciplinary sanction, this Court looks to the four-part framework set forth in the ABA Standards for Imposing Lawyer Sanctions ("ABA Standards").[9] This framework requires the Court to determine first: (i) the ethical duty violated; (ii) the lawyer's state of mind; and (iii) the actual or potential injury caused by the lawyer's misconduct.[10] Based on these considerations, the Court will make a preliminary determination of the appropriate sanction. The Court then will review the particular aggravating and mitigating circumstances in the case to determine if an increase or decrease in the sanction is justified.[11]

■ In Steiner's case, the Board did not articulate specific findings with respect to the first three factors of the ABA Standards. Based on the undisputed factual record, however, we find that driving a car while intoxicated clearly reflects Steiner's knowing, criminal misconduct. As this Court has noted in other cases, a Delaware lawyer's knowing criminal misconduct violates the lawyer's duties to the public, to the legal system, and to the legal profession.[12] Moreover, Steiner's misconduct

---

6. *In re Reardon,* 759 A.2d 568, 575 (Del.2000).

7. *In re Mekler,* 669 A.2d 655, 668 (Del.1995).

8. *See In re Howard,* 765 A.2d 39, 45 (Del. 2000).

9. *In re Benge,* 754 A.2d 871, 879 (Del.2000).

10. *See* ABA Standards for Imposing Lawyer Sanctions Std. 3.0 (1991).

11. *In re Reardon,* 759 A.2d at 575.

12. *In re Howard,* 765 A.2d at 44–45 (holding that one of a lawyer's most fundamental duties is "to abide by the law and to maintain the standard of personal integrity and honesty

caused significant physical injuries to two people and certainly the results could have been much more devastating.

Under the circumstances, ABA Standard 5.12[13] mandates a period of suspension, as the parties concede. The issue is the appropriate length of the suspension. To make this determination, we must review the specific aggravating and mitigating factors in the case,[14] as well as our prior disciplinary decisions.

### Aggravating Factors

ABA Standard 9.22 reflects that the following factors may be considered in aggravation: (a) prior disciplinary offenses; (b) dishonest or selfish motive; (c) a pattern of misconduct; (d) multiple offenses; (e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency; (f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process; (g) refusal to acknowledge wrongful nature of conduct; (h) vulnerability of victim; (i) substantial experience in the practice of law; (j) indifference to making restitution and (k) illegal conduct, including that involving the use of controlled substances.[15]

In addition, ABA Standard 8.0 separately discusses enhanced sanctions for a lawyer who has been subject to prior discipline. ABA Standard 8.0 reflects that a lawyer subject to prior discipline who engages in further misconduct presents such a serious risk as to warrant special consideration under the ABA Standards. In relevant part, ABA Standard 8.1(b) provides, absent other aggravating or mitigating circumstances, that disbarment is generally the appropriate discipline when a lawyer who has been suspended for misconduct knowingly engages in further similar acts of misconduct.[16]

■ In this case, the ODC asserts, among other things, that the Board erred by failing to consider in aggravation that Steiner had been subject to prior discipline. The ODC argues that Steiner was suspended by this Court, on an interim basis, for engaging in criminal conduct. After his suspension, Steiner continued to engage in criminal conduct by knowingly violating the zero tolerance provision of the Superior Court's probationary sentences. The ODC is not arguing for Steiner's disbarment, which, absent mitigating factors, is the recommended sanction under ABA Standard 8.1(b). The ODC argues, however, that the Board should have considered the provisions of Standard 8.1(b) and increased the length of Steiner's suspension given his further criminal misconduct, which continued after this Court suspended him.

■ Furthermore, the ODC argues that the Board erred by failing to find in

upon which the community relies"); *In re Melvin*, 807 A.2d 550, 554 (Del.2002) (noting that, as an experienced public defender, the respondent "held a unique position of public trust and knew or should have known that his criminal conduct would seriously adversely reflect on his own fitness to practice law and on the integrity of the profession").

13. "Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 [involving dishonest conduct or serious intentional criminal con-

duct] and that seriously adversely reflects on the lawyer's fitness to practice."

14. ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS Std. 2.3 cmt. (1991) ("The specific period of time for the suspension should be determined after examining any aggravating or mitigating factors in the case.").

15. ABA STANDARDS FOR IMPOSING LAWYER SANCTIONS Std. 9.22 (1991 & Supp.1992).

16. *Id.* Std. 8.1(b).

aggravation that Steiner had engaged in a pattern of misconduct. In arguing the existence of a pattern of misconduct, the ODC points out that Steiner first was arrested in February 2001. As a condition of his release on bail, he was placed under a zero tolerance provision for drug and alcohol use. The ODC contends, and Steiner does not dispute, that he violated that condition of the bail order in May 2001. Furthermore, the ODC points out, Steiner violated the zero tolerance provision contained in the Superior Court's June 2001 sentencing order in September 2001 and again in December 2001. The Superior Court found Steiner in violation of his probation on both occasions.

The ODC argues that these flagrant violations of Superior Court orders establish a pattern of misconduct that should have been considered by the Board as an aggravating factor. Additionally, the ODC asserts that Steiner violated his probation again, only months after the Board held the disciplinary hearing in this matter. The Court takes judicial notice that the Superior Court again found Steiner in violation of his probation on July 2, 2002. The Superior Court discharged Steiner from one of his probationary sentences as unimproved and sentenced him on the remaining counts to a total period of eighteen months at Level V incarceration suspended for eighteen months at Level IV home confinement.

Under the circumstances, we agree that Steiner's continued alcohol consumption in flagrant violation of the Superior Court's zero tolerance orders establishes a pattern of misconduct under the ABA Standards. Moreover, we find that Steiner's series of probation violations constituted further acts of knowing misconduct similar to acts for which Steiner was already under suspension. Accordingly, on both grounds, we conclude that the Board should have weighed Steiner's probation violations in aggravation.

### Mitigating Factors

■ In addition to the aggravating factors that were not considered, the ODC asserts that the Board erred by weighing Steiner's alcohol addiction in mitigation. Specifically, the ODC argues that, under ABA Standard 9.32(i), a mental disability or chemical dependency, such as alcoholism, should be considered as a mitigating factor only if:

(1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

(2) the chemical dependency or mental disability caused the misconduct;

(3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

(4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.[17]

The ODC asserts that the evidence presented at the Board hearing did not meet these qualifying criteria. Steiner does not dispute the ODC's contention. Under the circumstances, we must agree. In order for chemical dependency to be considered in mitigation, it is critical that the respondent prove, by clear and convincing evidence, a sustained period of recovery from the addiction which led to the misconduct. Only four months had elapsed from the time of Steiner's December 2001 probation violation and the Board's hearing in April 2002. Even assuming no relapses occurred during that time period, we cannot concluded that four months in recovery

---

17. ABA STANDARDS FOR IMPOSING LAWYER SANC-    TIONS Std. 9.32(i) (1991 & Supp.1992).

from a longstanding addiction establishes "a meaningful and sustained period of successful rehabilitation."[18]

We commend Steiner's efforts at rehabilitation. Nonetheless, his recovery is nascent and cannot yet be declared "successful" under the ABA Standards. Steiner's July 2002 probation violation is an indication to this Court that his addiction remains a threat to his clients, the public, and the legal system. Accordingly, we find that the Board erred in considering Steiner's addiction to be a mitigating factor in this case, recognizing the contention that alcohol addiction is an illness. Nevertheless, it must be remembered that we are dealing with a lawyer's service to the public and that we are the body that must determine whether and when that lawyer will be deemed fit to return to that important responsibility.

### Prior Delaware Cases

This Court recently had to consider the appropriate sanction to impose upon a lawyer whose only professional misconduct resulted from a misdemeanor drug conviction with no other associated disciplinary rule violations. In that case, *In re Howard*,[19] the Court found a substantial period of suspension to be justified because the respondent's criminal conduct reflected "an indifference to his legal obligations and his lack of respect for his position as an officer of this Court."[20] The Court imposed a three-year suspension.

■ Given the range of authorized suspension sanctions under our rule,[21] we find that a three-year suspension also is appropriate in Steiner's case. Although Stein-

er's misconduct did not injure a client, it did cause serious physical injuries to two people. Furthermore, unlike Howard, who offered proof of a meaningful and sustained period of recovery from his drug addiction, Steiner did not establish his successful rehabilitation from his alcohol addiction. Under the circumstances, a three-year suspension is fair and is consistent with our goals of protecting the public and the administration of justice, preserving confidence in the legal profession, and deterring other lawyers from similar misconduct.[22]

### Conclusion

For the foregoing reasons, Steiner shall be suspended from the practice of law for a period of three years retroactive to March 1, 2001, the date his interim suspension began. Steiner may seek reinstatement after February 29, 2004.

---

18. ABA Standards For Imposing Lawyer Sanctions Std. 9.32(i) (1991 & Supp.1992).

19. 765 A.2d 39 (Del.2000).

20. *In re Howard,* 765 A.2d at 45.

21. Effective May 7, 2002, the Court reduced the maximum suspension period from five years to three years. *See* Del. Lawyers' Rules of Disciplinary Proc. R. 8(a)(2).

22. *See In re Figliola,* 652 A.2d 1071, 1076 (Del.1995).